Electronically Filed - Phelps - October 20, 2014 - 02:16 PM

### IN THE CIRCUIT COURT OF PHELPS COUNTY
### STATE OF MISSOURI

| | |
|---|---|
| JOHN W. HUFF and<br>LEONA HUFF, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>SMITH & NEPHEW, INC., )<br><br>**Serve:** )<br>The Corporation Company )<br>120 S. Central Ave. )<br>Clayton, MO 63105 )<br><br>Defendant. ) | Cause No. 14PH-CV-01406<br><br>Division<br><br>JURY TRIAL DEMANDED |

### REQUEST FOR AN APPOINTMENT OF A SPECIAL PROCESS SERVER

COMES NOW Plaintiff pursuant to Rule 54.01 and requests appointment of a special process

server, Mr. Bill Keaney, Mr. Bill McAvoy, Robyn Hendricks and St. Louis Investigations, Inc.

Undersigned counsel requests the summons returned to:

Mr. Michael J. Hart
190 Carondelet Plaza, Suite 1100
Clayton, MO 63105

**SHER CORWIN WINTERS LLC**

/s/ Michael J. Hart
David S. Corwin #38360
Michael J. Hart #59938
190 Carondelet Plaza, Suite 1100
Clayton, MO 63105
Telephone (314) 721-5200
Facsimile (314) 721-5201
dcorwin@scwstl.com
mjhart@scwstl.com
*Attorneys for Plaintiff*

## NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

### In The 25th Judicial Circuit Court, Phelps County, Missouri
200 N MAIN, SUITE 201,COURTHOUSE 2ND FLOOR,ROLLA, MISSOURI

**JOHN W HUFF V SMITH & NEPHEW INC**                    **CASE NO : 14PH-CV01406**

To:     File

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Description |
| --- | --- |
| 29-Aug-2014 | Pet Filed in Circuit Ct<br>Filed By:DAVID STUART CORWIN |
| | Confid Filing Info Sheet Filed<br>Filed By:DAVID STUART CORWIN |
| | Judge Assigned |
| 02-Sep-2014 | Received of:<br>A Payment of -$125.00 was made on receipt 25PH147087. |
| | Summons Issued-Circuit<br>Document ID: 14-SMCC-1113, for SMITH & NEPHEW INC. |
| | Notice |

### */s/ Sue Brown by Lori Riffel*
Clerk of Court

CC:       File
          DAVID STUART CORWIN
          SMITH & NEPHEW INC
ECC:

Date Printed : 02-Sep-2014

NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

In The 25th Judicial Circuit Court, Phelps County, Missouri
200 N MAIN, SUITE 201,COURTHOUSE 2ND FLOOR,ROLLA, MISSOURI

**JOHN W HUFF V SMITH & NEPHEW INC**                           **CASE NO : 14PH-CV01406**

To:     DAVID STUART CORWIN
        ATTORNEY AT LAW
        190 CARONDELET PLAZA, STE 1100
        ST. LOUIS MO  63105

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| **Filing Date** | **Description** |
|---|---|
| 29-Aug-2014 | Pet Filed in Circuit Ct |
| | Filed By:DAVID STUART CORWIN |
| | |
| | Confid Filing Info Sheet Filed |
| | Filed By:DAVID STUART CORWIN |
| | |
| | Judge Assigned |
| 02-Sep-2014 | Received of: |
| | A Payment of -$125.00 was made on receipt 25PH147087. |
| | |
| | Summons Issued-Circuit |
| | Document ID: 14-SMCC-1113, for SMITH & NEPHEW INC. |
| | |
| | Notice |

*/s/ Sue Brown by Lori Riffel*

Clerk of Court

CC:      File
         DAVID STUART CORWIN
         SMITH & NEPHEW INC

ECC:

Date Printed : 02-Sep-2014

## NOTICE OF ENTRY
(SUPREME COURT RULE 74.03)

### In The 25th Judicial Circuit Court, Phelps County, Missouri
200 N MAIN, SUITE 201,COURTHOUSE 2ND FLOOR,ROLLA, MISSOURI

**JOHN W HUFF V SMITH & NEPHEW INC**                                      **CASE NO : 14PH-CV01406**

To:      SMITH & NEPHEW INC
         120 S CENTRAL AVE
         ST LOUIS MO  63105

YOU ARE HEREBY NOTIFIED that the court duly entered the following:

| Filing Date | Description |
|---|---|
| 29-Aug-2014 | Pet Filed in Circuit Ct |
| | Filed By:DAVID STUART CORWIN |
| | |
| | Confid Filing Info Sheet Filed |
| | Filed By:DAVID STUART CORWIN |
| | |
| | Judge Assigned |
| 02-Sep-2014 | Received of: |
| | A Payment of -$125.00 was made on receipt 25PH147087. |
| | |
| | Summons Issued-Circuit |
| | Document ID: 14-SMCC-1113, for SMITH & NEPHEW INC. |
| | |
| | Notice |

*/s/ Sue Brown by Lori Riffel*

Clerk of Court

CC:      File
         DAVID STUART CORWIN
         SMITH & NEPHEW INC
ECC:

Date Printed : 02-Sep-2014



# IN THE 25TH JUDICIAL CIRCUIT COURT, PHELPS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GREGORY WARREN | **Case Number:  14PH-CV01406** |
| Plaintiff/Petitioner:<br>JOHN W HUFF<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID STUART CORWIN<br>ATTORNEY AT LAW<br>190 CARONDELET PLAZA, STE 1100<br>ST. LOUIS, MO  63105 |
| Defendant/Respondent:<br> SMITH & NEPHEW INC | Court Address:<br>200 N MAIN, SUITE 201<br>COURTHOUSE 2ND FLOOR<br>ROLLA, MO  65401 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

> **FILED**
> **Tuesday, October 21, 2014**
> **Sue Brown, Circuit Clerk**
> **Phelps County, MO.**
>
> (Date File Stamp)

## Alias Summons in Civil Case

**The State of Missouri to:  SMITH & NEPHEW INC**
**Alias:**

120 S CENTRAL AVE
ST LOUIS, MO  63105

*COURT SEAL OF*

*PHELPS COUNTY*

     **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

| _Tuesday, October 21, 2014_ | /s/ Sue Brown by Lori Riffel |
|---|---|
| Date | Clerk |

Further Information:
Bill Keaney appointed as Special Process Server

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____ | _____
Printed Name of Sheriff or Server | Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

*(Seal)*

Subscribed and sworn to before me on _____ (date).

My commission expires: _____ | _____
                                         Date | Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.



# IN THE 25TH JUDICIAL CIRCUIT COURT, PHELPS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>GREGORY WARREN | **Case Number:  14PH-CV01406** |
| Plaintiff/Petitioner:<br>JOHN W HUFF<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID STUART CORWIN<br>ATTORNEY AT LAW<br>190 CARONDELET PLAZA, STE 1100<br>ST. LOUIS, MO  63105 |
| Defendant/Respondent:<br> SMITH & NEPHEW INC | Court Address:<br>200 N MAIN, SUITE 201 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | COURTHOUSE 2ND FLOOR<br>ROLLA, MO  65401 |

> ***FILED***
> ***Tuesday, October 21, 2014***
> ***Sue Brown, Circuit Clerk***
> ***Phelps County, MO.***
>
> (Date File Stamp)

## Alias Summons in Civil Case

**The State of Missouri to:**  SMITH & NEPHEW INC
**Alias:**

120 S CENTRAL AVE
ST LOUIS, MO  63105

***COURT SEAL OF***

***PHELPS COUNTY***

      **You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.**

    Tuesday, October 21, 2014                       */s/ Sue Brown by Lori Riffel*
            Date                                              Clerk

Further Information:
Bill Keaney appointed as Special Process Server

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____(title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server                                   Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

    Subscribed and sworn to before me on _____ (date).

    *(Seal)*        My commission expires: _____      _____
                                             Date                                 Notary Public

| Sheriff's Fees | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $_____10.00_____ | |
| Mileage | $_____ | (_____ miles @ $._____ per mile) |
| **Total** | $_____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Phelps - October 21, 2014 - 10:00 AM

**IN THE CIRCUIT COURT OF PHELPS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JOHN W. HUFF and | ) | |
| LEONA HUFF, | ) | |
| | ) | |
|     Plaintiffs, | ) | |
| | ) | Cause No. 14PH-CV-01406 |
|     vs. | ) | |
| | ) | Division |
| SMITH & NEPHEW, INC., | ) | |
| | ) | |
| **Serve:** | ) | |
| The Corporation Company | ) | JURY TRIAL DEMANDED |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

Plaintiffs' request for appointment of a special process server, Mr. Bill Keaney, Mr. Bill McAvoy, Robyn Hendricks and St. Louis Investigations, Inc. along with their request for a pluries/alias summons is APPROVED.

Electronically Filed - Phelps - October 24, 2014 - 04:36 PM



**IN THE 25TH JUDICIAL CIRCUIT COURT, PHELPS COUNTY, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>GREGORY WARREN | Case Number:  14PH-CV01406 |
| Plaintiff/Petitioner:<br>JOHN W HUFF<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID STUART CORWIN<br>ATTORNEY AT LAW<br>190 CARONDELET PLAZA, STE 1100<br>ST. LOUIS, MO  63105 |
| Defendant/Respondent:<br>SMITH & NEPHEW INC | Court Address:<br>200 N MAIN, SUITE 201<br>COURTHOUSE 2ND FLOOR |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | ROLLA, MO  65401 |

*FILED*
*Tuesday, October 21, 2014*
*Sue Brown, Circuit Clerk*
*Phelps County, MO.*

(Date File Stamp)

## Alias Summons in Civil Case

The State of Missouri to:  SMITH & NEPHEW INC
Alias:

120 S CENTRAL AVE
ST LOUIS, MO  63105

*COURT SEAL OF*

*PHELPS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| | |
|---|---|
| <u>Tuesday, October 21, 2014</u><br>Date | <u>/s/ Sue Brown by Lori Riffel</u><br>Clerk |

Further Information:
Bill Keaney appointed as Special Process Server

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____<br>Printed Name of Sheriff or Server | _____<br>Signature of Sheriff or Server |
|---|---|

Must be sworn before a notary public if not served by an authorized officer:

*(Seal)*        Subscribed and sworn to before me on _____ (date).

My commission expires: _____        _____
                                              Date                                        Notary Public

| | |
|---|---|
| **Sheriff's Fees** | |
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $    10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on each Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Phelps - October 24, 2014 - 04:36 PM

**St. Louis Investigation & Process Service**
**P. O. Box 9383**
**St. Louis, Missouri  63117**
314-966-2850
fax: 314-822-1834

**AFFIDAVIT OF SPECIAL PROCESS SERVER**

I, William Keaney, being first duly sworn, upon my oath, state that I have served a true
copy of the attached

_____ SUBPOENA_____

_____ SUMMONS WITH PETITION

_x_ *ALIAS Summons in Civil Case*

(1)By delivering on the *22nd* day of October, 2014

to *Smith & Nephew Inc / Ct Corporation By Andrea Cairns*

*120 S. Central*

*St. Louis, Mo 63105*

at _____ Time of Service *12.50* AM/**PM**.

(2)By leaving on the _____ of October, 2014 for each of the following:

_____

a copy of the Summons and a copy of the Petition at the respective dwelling place of
abode of said person(s) with someone in his/her family over the age of 15 years at

_____ Time of Service _____ AM/PM.

(3)_____

_____

_____


Legal fees tendered in the amount of $ _____*0*_____

All done in *St. Louis* City/County, Missouri

*William F. Keaney*
William Keaney

Subscribed to and sworn before me this *22nd* day of October, 2014.

*Robyn A Hendricks*
Robyn A. Hendricks
Notary Public

ROBYN A. HENDRICKS
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: November 07, 2014
Commission Number: 10957717

Electronically Filed - Phelps - October 24, 2014 - 04:36 PM



## IN THE 25TH JUDICIAL CIRCUIT COURT, PHELPS COUNTY, MISSOURI

| Judge or Division:<br>GREGORY WARREN | Case Number:  14PH-CV01406 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JOHN W HUFF<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DAVID STUART CORWIN<br>ATTORNEY AT LAW<br>190 CARONDELET PLAZA, STE 1100<br>ST. LOUIS, MO  63105 | *FILED*<br>*Tuesday, October 21, 2014*<br>*Sue Brown, Circuit Clerk*<br>*Phelps County, MO.* |
| Defendant/Respondent:<br>SMITH & NEPHEW INC | Court Address:<br>200 N MAIN, SUITE 201<br>COURTHOUSE 2ND FLOOR<br>ROLLA, MO  65401 | |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | | (Date File Stamp) |

### Alias Summons in Civil Case

**The State of Missouri to:**  SMITH & NEPHEW INC
                                    **Alias:**

120 S CENTRAL AVE
ST LOUIS, MO  63105

*COURT SEAL OF*

*PHELPS COUNTY*

        You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

| <u>Tuesday, October 21, 2014</u> | */s/ Sue Brown by Lori Riffel* |
|---|---|
| Date | Clerk |

Further Information:
Bill Keaney appointed as Special Process Server

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

| _____ | _____ |
|---|---|
| Printed Name of Sheriff or Server | Signature of Sheriff or Server |

**Must be sworn before a notary public if not served by an authorized officer:**

Subscribed and sworn to before me on _____ (date).

*(Seal)*

My commission expires: _____

| Date | Notary Public |
|---|---|

**Sheriff's Fees**

| Summons | $_____ |
|---|---|
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $   10.00 |
| Mileage | $_____  (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

Electronically Filed - Phelps - October 24, 2014 - 04:36 PM

**St. Louis Investigation & Process Service**
**P. O. Box 9383**
**St. Louis, Missouri 63117**
314-966-2850
fax: 314-822-1834

## AFFIDAVIT OF SPECIAL PROCESS SERVER

I, William Keaney, being first duly sworn, upon my oath, state that I have served a true
copy of the attached
_____ SUBPOENA_____
_____ SUMMONS WITH PETITION
_____X_ALIAS Summons in Civil Case_

(1)By delivering on the _22nd_ day of October, 2014
to_Smith & Nephew INC / CT Corporation By Andrea Cairns_
_120 S. Central_
_St. Louis, Mo 63105_
at _____ Time of Service _12:30_ AM/(PM).

(2)By leaving on the _____ of October, 2014 for each of the following:

_____
a copy of the Summons and a copy of the Petition at the respective dwelling place of
abode of said person(s) with someone in his/her family over the age of 15 years at

_____ Time of Service _____ AM/PM.

(3)_____
_____
_____

Legal fees tendered in the amount of $ _____0_____

All done in _St. Louis_ City/County, Missouri

_William F. Keaney_
William Keaney

Subscribed to and sworn before me this _22nd_ day of October, 2014.

_Robyn A Hendricks_
Robyn A. Hendricks
Notary Public

ROBYN A. HENDRICKS
Notary Public - Notary Seal
State of Missouri
Commissioned for St. Louis County
My Commission Expires: November 07, 2014
Commission Number: 10957717

Electronically Filed - Phelps - October 21, 2014 - 10:00 AM

**IN THE CIRCUIT COURT OF PHELPS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JOHN W. HUFF and | ) | |
| LEONA HUFF, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 14PH-CV-01406 |
| vs. | ) | |
| | ) | Division |
| SMITH & NEPHEW, INC., | ) | |
| | ) | |
| **Serve:** | ) | |
| The Corporation Company | ) | JURY TRIAL DEMANDED |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiffs' request for appointment of a special process server, Mr. Bill Keaney, Mr. Bill McAvoy, Robyn Hendricks and St. Louis Investigations, Inc. along with their request for a pluries/alias summons is APPROVED.

/s/ *Sue Brown by Lori Riffel*
Clerk

IN THE CIRCUIT COURT OF PHELPS COUNTY
STATE OF MISSOURI

JOHN W. HUFF and )
LEONA HUFF, )
 )
    Plaintiffs, )
 )
 )    Cause No. *FILED*
vs. )    14 PH-CV01406
 )    Division
 )
SMITH & NEPHEW, INC., )
**Serve:** )
The Corporation Company )    JURY TRIAL DEMANDED
120 S. Central Ave. )
Clayton, MO 63105 )
 )
    Defendant. )

*FILED*
*AUG 2 9 2014*
*SUE BROWN*
*CIRCUIT CLERK*
*PHELPS COUNTY, MO.*

**PETITION**
**(PRODUCTS LIABILITY)**

    COME NOW Plaintiffs, John W. Huff ("John" or "Plaintiff") and Leona Huff ("Leona"),

by and through undersigned counsel, and for their claim(s) against defendant, Smith and Nephew,

Inc., state as follows:

    1.    Plaintiffs, John and Leona Huff, were at all material times herein residents of Phelps

County, State of Missouri.

    2.    Defendant, Smith & Nephew, Inc. ("Smith and Nephew") is a Delaware

corporation with its principal place of business located in Shelby County, Tennessee. Smith and

Nephew does business and maintains a registered agent in Missouri. The address for the registered

agent for Smith and Nephew in Missouri 120 S. Central, Clayton, MO 63105.

    3.    Venue is proper in Phelps County, Missouri as Plaintiffs were first injured in Phelps

County, Missouri.

    4.    Hip implants were developed for the purpose of reconstructing human hip joints

due to various conditions. Smith and Nephew is a developer and manufacturer of joint replacement

1

systems. Smith and Nephew also manufactures and sells various hip implant components, including the components received by John. These hip implant components were manufactured and introduced into interstate commerce by Smith and Nephew.

5.     On or about September 1, 2009, Dr. Larry Marti ("Dr. Marti") performed a total hip arthroplasty on John. The surgery was performed at Phelps County Regional Medical Center in Rolla, Missouri.

6.     The components used by Dr. Marti, and manufactured, sold and introduced into interstate commerce by Smith and Nephew, were the following (hereinafter collectively referred to as "first R3 hip replacement system"):

a. R3 three hole hemispherical Stiktite coated shell, reference number 71335556, lot number 09CM02126;

b. Three Reflection spherical head screws, reference numbers 71332520, lot numbers 09DT30982;

c. Synergy porous femoral component, reference number 71306615, lot number 08MM16120;

d. Oxinium femoral head, reference number 71343600, lot number 09DM08480; and

e. R3 XLPE acetabular liner, reference number 71332756, lot number 08MM07184.

7.     Shortly after the surgery performed by Dr. Marti, John developed progressive pain in his left hip. John began having back spasms and eventually, could not walk or even stand up. He was in constant pain. This pain increased and became unbearable.

8.     The first R3 hip replacement system inserted in John's left hip failed. According to a diagnosis by Dr. Theodore Koreckij ("Dr. Koreckij") the acetabular shell migrated to a vertical position and there was significant edge loading of the femoral head onto the polyethylene liner. Thus, it came loose and or became dislocated necessitating a revision surgery.

9.     On May 1, 2012, Dr. Koreckij performed a revision surgery ("revision surgery") on John's left hip at Phelps County Regional Medical Center in Rolla, Missouri. Dr. Koreckij performed a left hip arthrotomy and inserted three new Reflection spherical head screws along with (hereinafter and collectively referred to as the "second R3 hip replacement system"):

   a.  A new R3 three hole hemispherical Stiktite™ coated shell, reference number, 71338668, lot number 11MM01272;

   b.  Oxinium femoral head, reference number 71343603, lot number 10CM04268A; and

   c.  R3 XLPE Acetabular Liner, reference number 71335758, lot number: 11GM15623.

10.    After the revision surgery, John received both physical and occupational therapy in a skilled nursing facility where he remained for six days.

11.    Again, after the surgery John began to have pain in his left hip and experiencing the same horrible symptoms as before. Only one year later, the second R3 hip replacement system failed.

12.    On May 3, 2013, John presented at the University of Missouri Hospital for revisions left total hip arthroplasty of both components. Dr. Ajay Aggarwal ("Dr. Aggarwal") performed the surgery. Once again, it was determined John had a failed total left hip. A new left hip was implanted.

3

13.     As a result of the two failed R3 hip replacement systems, John endured pain and suffering, emotional distress, inconvenience and limitation of his activities for an extended period of time.

## COUNT I
## (Strict Products Liability/Defective Design)

Comes now Plaintiff, John Huff, and for Count I of his petition against Defendant Smith and Nephew, alleges:

14.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth in this Count.

15.     Defendant Smith and Nephew designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the R3 hip replacement systems it knew would be used by John.

16.     At the time the Smith and Nephew R3 hip replacement systems were designed and sold, it was defective in design and unreasonably dangerous, subjecting users to risks of injuries which exceeded the benefits of the product, and for which other safer products were available.

17.     Alternatively, when the Smith and Nephew R3 hip replacement systems were manufactured and sold, the product it was defective in design and formulation, making use of the products more dangerous than other hip replacement systems on the market.

18.     The Smith and Nephew R3 hip replacement systems reached Plaintiff without substantial change.  Plaintiff used the R3 hip replacement systems in a manner reasonably anticipated. Plaintiff was unaware of the dangerousness of the product until after its use and resulting serious bodily injury.  Plaintiff used the R3 hip replacement systems without making any changes or alterations.

4

19.     As a direct and proximate result of the defective and dangerous design of the Smith and Nephew R3 hip replacement systems, Plaintiff suffered serious and permanent injuries to his left hip causing great physical pain, mental anguish, and pain and suffering, and has been damaged.

20.     As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff John Huff, Plaintiff has been caused to incur significant medical expenses for care and treatment.

21.     Defendant Smith and Nephew's conduct was done with conscious disregard for the safety of users of the R3 hip replacement systems including Plaintiff, justifying an award of punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff, John Huff, prays judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for his costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

## COUNT II
### (Strict Products Liability/Failure to Warn)
### (Defendant, Smith and Nephew)

Comes now Plaintiff, John Huff, and for Count II of his petition against Defendant Smith and Nephew, alleges:

22.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth in this Count.

23.     The R3 hip replacement systems manufactured and supplied by Smith and Nephew was unaccompanied by proper and adequate warnings regarding all dangerous risks associated with the use of the R3 hip replacement systems.

24.     Smith and Nephew failed to perform adequate testing and study of the R3 hip replacement systems prior to marketing it.

25.     Smith and Nephew also failed to act properly on adverse reports it received about the R3 hip replacement systems and failed to properly study it pre-market as well as post market.

26.     As a direct and proximate result of Defendant Smith and Nephew's failure to warn of the unreasonable risk of harm associated with use of the R3 hip replacement systems, as well as the other conduct mentioned in this Count, Plaintiff suffered serious and permanent injuries to his left hip, causing great physical pain, mental anguish, and pain and suffering, and has been damaged.

27.     As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff John Huff, Plaintiff has been caused to incur significant medical expenses for care and treatment.

28.     Smith and Nephew's conduct was done with conscious disregard for the safety of the users of its R3 hip replacement systems, justifying an award of punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff, John Huff, prays judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for his costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

### COUNT III
### (Negligent Design)
### (Defendant Smith and Nephew)

Comes now Plaintiff and for Count III of his petition against defendant Smith and Nephew alleges:

6

29.    Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth in this Count.

30.    Defendant Smith and Nephew, designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, R3 hip replacement systems which it knew would be used by Plaintiff and others.

31.    At the time Smith and Nephew R3 hip replacement systems were manufactured, it was defective in design and unreasonably dangerous, subjecting users to risks of serious bodily injury which exceeded the benefits of the product, and for which other safer products were available.

32.    Alternatively, when the Smith and Nephew R3 hip replacement systems were manufactured, the product was defective in design and formulation, making use of the product more dangerous than other products in the market.

33.    The R3 hip replacement systems reached Plaintiff without substantial change. Plaintiff was unaware of the dangerousness of the product.  Plaintiff used the Smith and Nephew R3 hip replacement systems without making any changes or alterations.

34.    In designing and testing the R3 hip replacement systems, Smith and Nephew failed to exercise the ordinary care that a careful and prudent manufacturer of hip implant devices would exercise in the same or similar circumstances.

35.    As a direct and proximate result of the negligent design of the R3 hip replacement systems, Plaintiff suffered serious and permanent injuries to his left hip, causing great physical pain, mental anguish, and pain and suffering, and has been damaged.

36.    As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff John Huff, Plaintiff has been caused to incur significant medical expenses for care and

treatment.

37.     Defendant Smith and Nephew's conduct was done with conscious disregard for the safety of users of the R3 hip replacement systems including Plaintiff, justifying an award of punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff, John Huff, prays judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for his costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

### COUNT IV
### (Negligence, Failure to Warn)
### (Defendant, Smith and Nephew)

Comes now Plaintiff, John Huff, and for Count IV of his petition against Defendant Smith and Nephew, alleges:

38.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth in this Count.

39.     Defendant Smith and Nephew owed a duty to warn of any dangerous defects; a duty to assure its product did not cause users unreasonable and dangerous risks; and a duty to provide adequate post market surveillance and warnings as it learned of the R3 hip replacement system's substantial dangers.

40.     Defendant Smith and Nephew breached its duty of reasonable care to Plaintiff in that Defendant failed to:

8

a. Conduct sufficient testing which, if properly performed, would have shown that the R3 hip replacement systems had unreasonable dangerous risks, and warn users of those risks; and/or

b. Include adequate warnings with the R3 hip replacement systems that would alert users to the potential risks and dangers; and/or

c. Warn Plaintiff that the R3 hip replacement systems carried a risk of serious bodily injury; and/or

d. Other appropriate warnings.

41.    Defendant Smith and Nephew knew or should have known that the R3 hip replacement systems caused unreasonable dangerous risks of which the general public would not be aware. Defendant Smith and Nephew nevertheless advertised, marketed and promoted its product knowing there were safer products to utilize for total hip replacements.

42.    As a direct and proximate result of defendant Smith and Nephew's negligence and breaches of its duty of reasonable care, plaintiff suffered serious and permanent injuries to his left hip causing great physical pain, mental anguish, and pain and suffering, and has been damaged.

43.    As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff John Huff, Plaintiff has been caused to incur significant medical expenses for care and treatment.

44.    Defendant Smith and Nephew's conduct was done with conscious disregard for the safety of users of the strut spring compressor including plaintiff, justifying an award of punitive damages.

WHEREFORE, for the foregoing reasons, plaintiff, John Huff prays for judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five

Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for his costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

## COUNT V
## (Loss of Consortium)

Comes now Plaintiff, Leona Huff and for Count V against Defendant Smith and Nephew, alleges:

45.     Plaintiff Leona Huff incorporates all allegations in the preceding paragraphs as is fully set forth in this Count.

46.     At all times material herein, John and Leona Huff were lawfully married, husband and wife.

47.     As a proximate result of the aforementioned negligence of Defendant, Plaintiff Leona Huff was caused to lose the care, comfort and society of her husband John Huff, was caused to expend money for his medical care and other expenses and lost time *from her employment (was she employed?)*.

WHEREFORE, for the foregoing reasons, plaintiff, Leona Huff prays for judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for her costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

10

**SHER CORWIN WINTERS LLC**

David S. Corwin #38360
Michael J. Hart #59938
190 Carondelet Plaza, Suite 1100
St. Louis, Missouri 63105
Telephone: (314) 721-5200
Facsimile:  (314) 721-5201
dcorwin@scwstl.com
mjhart@scwstl.com

*Attorneys for Plaintiff*

11

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

## IN THE CIRCUIT COURT OF PHELPS COUNTY
## STATE OF MISSOURI

| | | |
|---|---|---|
| JOHN W. HUFF and | ) | |
| LEONA HUFF, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 14PH-CV01406 |
| vs. | ) | |
| | ) | Division |
| SMITH & NEPHEW, INC., | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

### FIRST AMENDED PETITION
### (PRODUCTS LIABILITY)

COME NOW Plaintiffs, John W. Huff ("John" or "Plaintiff") and Leona Huff ("Leona"), by and through undersigned counsel, and for their claim(s) against defendant, Smith and Nephew, Inc., state as follows:

1.      Plaintiffs, John and Leona Huff, were at all material times herein residents of Phelps County, State of Missouri.

2.      Defendant, Smith & Nephew, Inc. ("Smith and Nephew") is a Delaware corporation with its principal place of business located in Shelby County, Tennessee. Smith and Nephew does business and maintains a registered agent in Missouri. The address for the registered agent for Smith and Nephew in Missouri 120 S. Central, Clayton, MO 63105.

3.      Venue is proper in Phelps County, Missouri as Plaintiffs were first injured in Phelps County, Missouri.

4.      Hip implants were developed for the purpose of reconstructing human hip joints due to various conditions. Smith and Nephew is a developer and manufacturer of joint replacement systems. Smith and Nephew also manufactures and sells various hip implant

1

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

components, including the components received by John.  These hip implant components were manufactured and introduced into interstate commerce by Smith and Nephew.

5.      On or about September 1, 2009, Dr. Larry Marti ("Dr. Marti") performed a total hip arthroplasty on John. The surgery was performed at Phelps County Regional Medical Center in Rolla, Missouri.

6.      The components used by Dr. Marti, and manufactured, sold and introduced into interstate commerce by Smith and Nephew, were the following (hereinafter collectively referred to as "R3 hip replacement system"):

a.  R3 three hole hemispherical Stiktite coated shell, reference number 71335556, lot number 09CM02126;

b.  Three Reflection spherical head screws, reference numbers 71332520, lot numbers 09DT30982;

c.  Synergy porous femoral component, reference number 71306615, lot number 08MM16120;

d.  Oxinium femoral head, reference number 71343600, lot number 09DM08480; and

e.  R3  XLPE  acetabular  liner,  reference  number  71332756,  lot  number 08MM07184.

7.      Shortly after the surgery performed by Dr. Marti, John developed progressive pain in his left hip. John began having back spasms and eventually, could not walk or even stand up. He was in constant pain. This pain increased and became unbearable.

8.      The R3 hip replacement system inserted in John's left hip failed. According to a diagnosis by Dr. Theodore Koreckij ("Dr. Koreckij") the acetabular shell migrated to a vertical

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

position and there was significant edge loading of the femoral head onto the polyethylene liner. Thus, it came loose and or become dislocated necessitating a revision surgery.

9.     On May 1, 2012, Dr. Koreckij performed a revision surgery ("revision surgery") on John's left hip at Phelps County Regional Medical Center in Rolla, Missouri. Dr. Koreckij performed a left hip arthrotomy and inserted three new Reflection spherical head screws along with (hereinafter and collectively referred to as the "second R3 hip replacement system"):

    a.   A new R3 three hole hemispherical Stiktite™ coated shell, reference number, 71338668, lot number 11MM01272;

    b.   Oxinium femoral head, reference number 71343603, lot number 10CM04268A; and

    c.   R3 XLPE Acetabular Liner, reference number 71335758, lot number: 11GM15623.

10.    After the revision surgery, John received both physical and occupational therapy in a skilled nursing facility where he remained for six days.

11.    Again, after the surgery John began to have pain in his left hip and experiencing the same horrible symptoms as before. Only one year later, the second R3 hip replacement system failed.

12.    On May 3, 2013, John presented at the University of Missouri Hospital for revisions left total hip arthroplasty of both components. Dr. Ajay Aggarwal ("Dr. Aggarwal") performed the surgery. Once again, it was determined John had a failed total left hip. A new left hip was implanted.

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

13.     As a result of the two failed R3 hip replacement systems, John endured pain and suffering, emotional distress, inconvenience and limitation of his activities for an extended period of time.

**COUNT I**
**(Strict Products Liability/Defective Design)**

Comes now Plaintiff, John Huff, and for Count I of his petition against Defendant Smith and Nephew, alleges:

14.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth in this Count.

15.     Defendant Smith and Nephew designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the R3 hip replacement systems it knew would be used by John.

16.     At the time the Smith and Nephew R3 hip replacement systems were designed and sold, it was defective in design and unreasonably dangerous, subjecting users to risks of injuries which exceeded the benefits of the product, and for which other safer products were available.

17.     Alternatively, when the Smith and Nephew R3 hip replacement systems was manufactured and sold, the product it was defective in design and formulation, making use of the products more dangerous than other hip replacement systems on the market.

18.     The Smith and Nephew R3 hip replacement system reached Plaintiff without substantial change.   Plaintiff used the R3 hip replacement systems in a manner reasonably anticipated. Plaintiff was unaware of the dangerousness of the product until after its use and resulting serious bodily injury.  Plaintiff used the R3 hip replacement system without making any changes or alterations.

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

19.     As a direct and proximate result of the defective and dangerous design of the Smith and Nephew R3 hip replacement system, Plaintiff suffered serious and permanent injuries to his left hip causing great physical pain, mental anguish, and pain and suffering, and has been damaged.

20.     As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff John Huff, Plaintiff has been caused to incur significant medical expenses for care and treatment.

21.     Defendant Smith and Nephew's conduct was done with conscious disregard for the safety of users of the R3 hip replacement systems including Plaintiff, justifying an award of punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff, John Huff, prays judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for his costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

### COUNT II
### (Strict Products Liability/Failure to Warn )
### (Defendant, Smith and Nephew)

Comes now Plaintiff, John Huff, and for Count II of his petition against Defendant Smith and Nephew, alleges:

22.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth in this Count.

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

23.     The R3 hip replacement systems manufactured and supplied by Smith and Nephew was unaccompanied by proper and adequate warnings regarding all dangerous risks associated with the use of the R3 hip replacement systems.

24.     Smith and Nephew failed to perform adequate testing and study of the R3 hip replacement systems prior to marketing it.

25.     Smith and Nephew also failed to act properly on adverse reports it received about the R3 hip replacement systems and failed to properly study it pre-market as well as post market.

26.     As a direct and proximate result of Defendant Smith and Nephew's failure to warn of the unreasonable risk of harm associated with use of the drill, as well as the other conduct mentioned in this Count, Plaintiff suffered serious and permanent injuries to his left hip, causing great physical pain, mental anguish, and pain and suffering, and has been damaged.

27.     As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff John Huff, Plaintiff has been caused to incur significant medical expenses for care and treatment.

28.     Smith and Nephew's conduct was done with conscious disregard for the safety of the users of its R3 hip replacement systems, justifying an award of punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff, John Huff, prays judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for his costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

**COUNT III**
**(Negligent Design)**
**(Defendant Smith and Nephew)**

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

Comes now Plaintiff and for Count III of his petition against defendant Smith and Nephew alleges:

29.    Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth in this Count.

30.    Defendant Smith and Nephew, designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, R3 hip replacement system which it knew would be used by Plaintiff and others.

31.    At the time Smith and Nephew R3 hip replacement system was manufactured, it was defective in design and unreasonably dangerous, subjecting users to risks of serious bodily injury which exceeded the benefits of the product, and for which other safer products were available.

32.    Alternatively, when the Smith and Nephew R3 hip replacement system was manufactured, the product was defective in design and formulation, making use of the product more dangerous than other products in the market.

33.    The R3 hip replacement system reached plaintiff without substantial change. Plaintiff was unaware of the dangerousness of the product.  Plaintiff used the Smith and Nephew R3 hip replacement system without making any changes or alterations.

34.    In designing and testing the R3 hip replacement system, Smith and Nephew failed to exercise the ordinary care that a careful and prudent manufacturer of hip implant devices would exercise in the same or similar circumstances.

35.    As a direct and proximate result of the negligent design of the drill, Plaintiff suffered serious and permanent injuries to his left hip, causing great physical pain, mental anguish, and pain and suffering, and has been damaged.

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

36.     As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff John Huff, Plaintiff has been caused to incur significant medical expenses for care and treatment.

37.     Defendant Smith and Nephew's conduct was done with conscious disregard for the safety of users of the R3 hip replacement system including Plaintiff, justifying an award of punitive damages.

WHEREFORE, for the foregoing reasons, Plaintiff, John Huff, prays judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for his costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

## COUNT IV
### (Negligence, Failure to Warn)
### (Defendant, Smith and Nephew)

Comes now Plaintiff, John Huff, and for Count IV of his petition against Defendant Smith and Nephew, alleges:

38.     Plaintiff incorporates all allegations in the preceding paragraphs as if fully set forth in this Count.

39.     Defendant Smith and Nephew owed a duty to warn of any dangerous defects; a duty to assure its product did not cause users unreasonable and dangerous risks; and a duty to provide adequate post market surveillance and warnings as it learned of the R3 hip replacement system's substantial dangers.

40.     Defendant Smith and Nephew breached its duty of reasonable care to Plaintiff in that Defendant failed to:

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

    a.  Conduct sufficient testing which, if properly performed, would have shown that the R3 hip replacement system had unreasonable dangerous risks, and warn users of those risks; and/or

    b.  Include adequate warnings with the R3 hip replacement system that would alert users to the potential risks and dangers; and/or

    c.  Warn Plaintiff that the R3 hip replacement system carried a risk of serious bodily injury; and/or

    d.  Other appropriate warnings.

41.    Defendant Smith and Nephew knew or should have known that the R3 hip replacement system caused unreasonable dangerous risks of which the general public would not be aware.  Defendant Smith and Nephew nevertheless advertised, marketed and promoted its product knowing there were safer products to utilize for total hip replacements.

42.    As a direct and proximate result of defendant Smith and Nephew's negligence and breaches of its duty of reasonable care, plaintiff suffered serious and permanent injuries to his left hip causing great physical pain, mental anguish, and pain and suffering, and has been damaged.

43.    As a direct and proximate result of the said occurrence and injuries sustained by Plaintiff John Huff, Plaintiff has been caused to incur significant medical expenses for care and treatment.

44.    Defendant Smith and Nephew's conduct was done with conscious disregard for the safety of users of the strut spring compressor including plaintiff, justifying an award of punitive damages.

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

WHEREFORE, for the foregoing reasons, plaintiff, John Huff prays for judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for his costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

**COUNT V**
**(Loss of Consortium)**

Comes now Plaintiff, Leona Huff and for Count V against Defendant Smith and Nephew, alleges:

45.     Plaintiff Leona Huff incorporates all allegations in the preceding paragraphs as is fully set forth in this Count.

46.     At all times material herein, John and Leona Huff were lawfully married, husband and wife.

47.     As a proximate result of the aforementioned negligence of Defendant, Plaintiff Leona Huff was caused to lose the care, comfort and society of her husband John Huff, was caused to expend money for his medical care and other expenses and lost time from her employment.

WHEREFORE, for the foregoing reasons, plaintiff, Leona Huff prays for judgment against Defendant, in such sum as is fair and reasonable, said sum to be in excess of Twenty-Five Thousand ($25,000.00) Dollars, for pre-judgment interest, punitive damages and for her costs expended herein, and for such other and further relief as to this Court deems just and proper under the circumstances.

Electronically Filed - Phelps - October 31, 2014 - 02:30 PM

**SHER CORWIN WINTERS LLC**

/s/ Michael J. Hart
David S. Corwin #38360
Michael J. Hart #59938
190 Carondelet Plaza, Suite 1100
St. Louis, Missouri 63105
Telephone: (314) 721-5200
Facsimile:  (314) 721-5201
dcorwin@scwstl.com
mjhart@scwstl.com

*Attorneys for Plaintiff*

11

Electronically Filed - Phelps - October 20, 2014 - 02:14 PM

**IN THE CIRCUIT COURT OF PHELPS COUNTY**
**STATE OF MISSOURI**

| | | |
|---|---|---|
| JOHN W. HUFF and | ) | |
| LEONA HUFF, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Cause No. 14PH-CV-01406 |
| vs. | ) | |
| | ) | Division |
| SMITH & NEPHEW, INC., | ) | |
| | ) | |
| **Serve:** | ) | |
| The Corporation Company | ) | JURY TRIAL DEMANDED |
| 120 S. Central Ave. | ) | |
| Clayton, MO 63105 | ) | |
| | ) | |
| Defendant. | ) | |

<u>**REQUEST FOR AN ALIAS SUMMONS**</u>

COMES NOW Plaintiff pursuant to Rule 54.01 and requests the court clerk issue an alias summons to be served by a special process server, Mr. Bill Keaney, Mr. Bill McAvoy, Robyn Hendricks and St. Louis Investigations, Inc. Undersigned counsel requests the summons returned to:

Mr. Michael J. Hart
190 Carondelet Plaza, Suite 1100
Clayton, MO 63105

**SHER CORWIN WINTERS LLC**

/s/ Michael J. Hart
David S. Corwin #38360
Michael J. Hart #59938
190 Carondelet Plaza, Suite 1100
Clayton, MO 63105
Telephone (314) 721-5200
Facsimile (314) 721-5201
dcorwin@scwstl.com
mjhart@scwstl.com
*Attorneys for Plaintiff*